**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| GLADYS MAE FOX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No.: 4:07-cv-02055 |
| vs. | § | |
| | § | JURY TRIAL DEMANDED |
| DAVOL INC. and C.R. BARD, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD'S MOTION TO TRANSFER VENUE AND, SUBJECT THERETO, ANSWER AND AFFIRMATIVE DEFENSES**

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1404(a), Defendant Davol Inc. and Defendant C.R. Bard, Inc. (collectively, "Defendants") respectfully request that the Court transfer this case to a proper venue. As will be shown below, Plaintiff's Complaint makes it clear that a substantial part of the events or omissions giving rise to Plaintiff's claims did not occur in this district, and consequently this district is not the proper venue for Plaintiff's action.

**Argument & Authorities**

In this medical device product liability case, Plaintiff claims that Defendant Davol Inc.'s and Defendant C.R. Bard, Inc.'s Composix® Kugel® Hernia Patch ("Composix® Kugel® Patch"), an FDA-approved sterile polypropylene mesh prosthesis designed for use in the repair of soft tissue defects, was itself defective. (*See* Compl. ¶¶ 47-52). Plaintiff further alleges that her receipt and use of the defective Kugel Patch caused her to suffer various injuries subsequent to her May 17, 2005 hernia repair surgery. (*See id.* ¶¶ 20-23).

Plaintiff asserts that venue in this judicial district is proper under 28 U.S.C. § 1391(c) because Defendants allegedly sold and distributed "to . . . physicians, hospitals, and medical practitioners . . . certain hernia surgical repair products to be surgically implanted in patients in the State of Texas, and more particularly within the jurisdictional boundaries of the United States District Court for the Southern District of Texas." (Compl. ¶ 6.) Assuming Plaintiff's "venue" allegations are true, those allegations do not support venue in this district.

The venue provisions set forth in 28 U.S.C § 1391(a)(2) take precedence over those set out in § 1391(c) and relied upon by Plaintiff. *See* 28 U.S.C. § 1391(c) (allowing venue in any district where "any defendant is subject to personal jurisdiction" only "if there is no district in which the action may otherwise be brought"). Under § 1391(a)(2), venue in this case is proper in any judicial district "where a substantial part of the events or omissions giving rise to the claim occurred." On the face of Plaintiff's Complaint, it is clear that a substantial part of the alleged events or omissions giving rise to Plaintiff's claim occurred neither in this district nor in the State of Texas. Indeed, Plaintiff is an individual citizen and resident of Pinal County, Arizona. (*See* Compl. ¶ 2). Defendant Davol Inc. is a Delaware corporation with its principal place of business in Rhode Island. (*Id.* ¶ 3.). Defendant C. R. Bard, Inc. is a New Jersey corporation with its principal place of business in New Jersey. (*Id.* ¶ 4.) The hernia repair procedure in which Plaintiff received the Composix® Kugel® Patch was performed by Manuel J. Chee, M.D. at Banner Baywood Medical Center in Mesa, Arizona. (*See id.* ¶ 20.) Likewise, the explant procedure that removed the allegedly defective Composix® Kugel® Patch was again performed at Banner Baywood Medical Center by Manuel J. Chee, M.D. (*See id.* ¶ 22.) In sum, the only connection to this district alleged by Plaintiff is that Defendants sometimes distributed and sold various hernia repair products to be implanted in patients throughout the United States, including

Texas. Under the law, such a tenuous connection to this district does not justify maintaining venue in this district. *See generally In re Consolidated Parlodel Litig.*, 22 F. Supp. 2d 320 (D.N.J. 1998) (transferring claims brought by fourteen separate product liability plaintiffs to districts where individual plaintiff's claims arose).

## Conclusion

WHEREFORE, for the foregoing reasons, Defendant Davol Inc. and Defendant C.R. Bard, Inc. respectfully request that the Court grant their motion transfer this case to a proper venue pursuant to 28 U.S.C. § 1404(a). Defendants submit that proper venue lies in the district where Plaintiff resides, or in the District of Rhode Island, where federal MDL proceedings involving cases related to the one brought by Plaintiff are now pending. Should any question arise as to the propriety of or foundation for this Motion to Transfer Venue, Defendants respectfully request an opportunity to provide additional briefing and oral argument.

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.

Subject to and without waiving the foregoing motion to transfer venue, Defendant Davol Inc. ("Davol") and Defendant C.R. Bard, Inc. ("Bard"), by and through their counsel, hereby answer to Plaintiff's Complaint, paragraph by paragraph, as follows.

## NATURE OF THE ACTION

1. Paragraph 1 of the Complaint contains conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 1.

## PARTIES

2. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint and therefore deny the same.

3. Davol admits that it is a subsidiary of Bard, organized under the laws of the State of Delaware, with its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island. Davol further admits that its registered agent in Rhode Island is CT Corporation System located at 10 Weybosset Street, Providence, Rhode Island. Davol further admits that it designed, manufactured, and distributed – throughout the United States, including Arizona, Rhode Island, and Texas – the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol denies each and every remaining allegation in Paragraph 3.

4. Bard admits that it is a New Jersey corporation with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974. Bard denies each and every remaining allegation in Paragraph 4.

## JURISDICTION AND VENUE

5. Defendants admit that Plaintiff's claims properly invoke the jurisdiction of this Court.

6. Defendants admit that Plaintiff's claims properly invoke the jurisdiction of this Court. Defendants deny that venue is proper in this District. Defendants further deny each and every remaining allegation contained in Paragraph 6.

## GENERAL ALLEGATIONS

7. To the extent the allegations in Paragraph 7 are directed to Bard, Bard denies these allegations. Davol admits that at various times it designed, manufactured, and distributed various types of the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol further admits that the

Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral hernias.

8. Defendants admit that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral hernias. Defendants deny each and every remaining allegation in Paragraph 8.

9. Defendants deny each and every allegation in Paragraph 9.

10. Defendants deny each and every allegation in Paragraph 10.

11. Defendants deny each and every allegation in Paragraph 11.

12. Paragraph 12 contains conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 12 (including sub-paragraphs a. through f.).

13. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007, due to the potential for PET memory recoil ring breakage. Answering further, Defendants state these products have since been returned to the market with FDA approval. Defendants admit that the federal Food and Drug Administration characterizes a "Class I" recall as potentially life threatening or posing a potential for serious bodily harm. Defendants deny each and every remaining allegation in Paragraph 13.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and therefore deny the same.

15. Paragraph 15 contains conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 15.

16. Defendants deny each and every allegation in Paragraph 16.

17. Paragraph 17 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 17.

18. Paragraph 18 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 18.

19. Paragraph 19 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 19.

**PLAINTIFF'S EXPERIENCE**

20. Paragraph 20 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and therefore deny the same.

21. To the extent the allegations in Paragraph 21 are directed to Bard, Bard denies these allegations. Davol admits that it designed, manufactured, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol further admits that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral hernias.

22. Paragraph 22 contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and therefore deny the same.

23. Paragraph 23 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 23.

**COUNT I**
**(Unfair And Deceptive Trade Practices Under Rhode Island State Law)**

24. Defendants incorporate their responses to the preceding paragraphs.

25. To the extent the allegations in Paragraph 25 are directed to Bard, Bard denies these allegations. Davol admits that it designed, manufactured, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol further admits that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral hernias.

26. Paragraph 26 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 26.

27. Paragraph 27 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 27.

28. Paragraph 28 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 28.

29. Paragraph 29 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 29.

30. Paragraph 30 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 30.

31. Paragraph 31 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 31.

32. Paragraph 32 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 32.

33. Paragraph 33 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 33.

34. Paragraph 34 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 34.

**COUNT II - Negligence**

35. Defendants incorporate their responses to the preceding paragraphs.

36. Paragraph 36 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 36.

37. Paragraph 37 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 37.

38. Paragraph 38 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 38.

39. Paragraph 39 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 39.

40. Paragraph 40 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 40.

41. Paragraph 41 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 41.

42. Paragraph 42 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 42.

43. Paragraph 43 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 43.

44. Paragraph 44 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 44.

45. Paragraph 45 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 45.

**COUNT III – Strict Liability**

46. Defendants incorporate their responses to the preceding paragraphs.

47. Paragraph 47 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 47.

48. To the extent the allegations in Paragraph 48 are directed to Bard, Bard denies these allegations. Davol admits that it designed, manufactured, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol further admits that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral hernias.

49. Paragraph 49 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 49.

50. Paragraph 50 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 50.

51. Paragraph 51 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 51.

52. Paragraph 52 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 52 (including sub-paragraphs a. through j.).

53. Paragraph 53 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 53.

**COUNT IV – Intentional Infliction of Emotional Distress**

54. Defendants incorporate their responses to the preceding paragraphs.

55. Paragraph 55 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 55.

56. Paragraph 56 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 56.

57. Paragraph 57 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 57.

58. Paragraph 58 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 58.

59. Paragraph 59 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 59.

**COUNT V – Breach of Implied Warranty**

60. Defendants incorporate their responses to the preceding paragraphs.

61. Paragraph 61 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 61.

62. Paragraph 62 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 62.

63. Paragraph 63 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 63.

64. Paragraph 64 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 64.

65. Paragraph 65 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 65.

66. Paragraph 66 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 66.

**COUNT VI – Failure to Warn**

67. Defendants incorporate their responses to the preceding paragraphs.

68. To the extent the allegations in Paragraph 68 are directed to Bard, Bard denies these allegations. Davol admits that it designed, manufactured, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol further admits that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral hernias. Davol lacks sufficient knowledge or information to form a belief as to the truth of the other allegations contained in Paragraph 68, and therefore denies same.

69. Paragraph 69 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 69.

70. Paragraph 70 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 70.

71. Paragraph 71 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 71.

72. Paragraph 72 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 72.

73. Paragraph 73 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 73.

74. Paragraph 74 contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph 74.

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or in part, fails to state a claim or cause of action upon which relief can be granted.

2. Plaintiff's Complaint should be dismissed for lack of proper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims in whole or in part.

4. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

6. Applicable statutes of limitations, statutes of repose, and/or the doctrine of laches bar Plaintiff's claims in whole or in part.

7. Plaintiff's claims are barred, in whole or in part, for her failure to provide Defendants with timely notice of her claims as required by the Rhode Island Deceptive Trade Practices Act and/or the Texas Uniform Commercial Code.

8. Plaintiff's, or her agents', including her physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiff's claims in whole or in part.

9. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

10. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

11. If Plaintiff sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

12. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars Plaintiff's claims.

13. The learned intermediary doctrine bars Plaintiff's claims.

14. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

15. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

16. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

17. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

18. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

19. In the alternative, under applicable provisions of statutory or decisional law (including but not limited to Chapter 33 of the Texas Civil Practice & Remedies Code), Defendants are entitled to a comparative apportionment of fault, if any, relative to the other Defendants (and Cross-Defendants) and/or third parties. To the extent Defendants' liability exceeds their relative share of responsibility, Defendants are likewise entitled to a judgment against those parties herein for contribution and/or indemnity or a percentage reduction in accordance with the apportionment of their fault or liability or the fault or liability attributable to any other party or any person or entity, including the Plaintiff and any party, person, or entity who has settled with the Plaintiff. In the alternative, Defendants are entitled to a setoff or dollar-for-dollar credit for any such settlements and any amounts received by Plaintiff from any source whatsoever with respect to the injuries and damages at issue in this suit.

20. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct Defendants are not responsible; accordingly, Defendants are entitled to an assessment of the relative degree of fault for all such persons and entities.

21. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

22. Plaintiff failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

23. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to them.

24. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

25. Plaintiff's causes of action are barred in whole or in part by Plaintiff's own comparative negligence.

26. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

27. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

28. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

29. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, Defendant Davol Inc. and Defendant C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Respectfully submitted,

Dated: July 19, 2007

HARRISON, BETTIS, STAFF, MCFARLAND & WEEMS, L.L.P

/s D. Mitchell McFarland

D. Mitchell McFarland
Attorney-In-Charge
State Bar No. 13597700
S.D. Tex. Bar No. 2379
One Allen Center
500 Dallas, Suite 2600
Houston, Texas 77002
Phone: (713) 843-7900
Fax: (713) 843-7901
mitch.mcfarland@harrisonbettis.com

**ATTORNEYS FOR DEFENDANTS DAVOL INC. AND C.R. BARD, INC.**

OF COUNSEL:
Kirby T. Griffis
Dana A. Gausepohl
Michael L. Junk
SPRIGGS & HOLLINGSWORTH
1350 I Street NW
Washington, DC 20005
Phone: (202) 898-5800
Fax: (202) 862-1639

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of July, 2007, a true and correct copy of the foregoing Motion to Transfer Venue and, Subject Thereto, Answer and Affirmative Defenses of Defendants Davol Inc. and C.R. Bard, Inc. was served upon the following counsel by electronic filing in compliance with LR5.1 and Federal Rule of Civil Procedure 5(b).

David W. Alexander
Steven J. Kherkher
John T. Boundas
WILLIAMS KHERKHER HART BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, TX 77017

/s D. Mitchell McFarland

D. Mitchell McFarland